Pearce *v.* Kyzer.

R. E. N. PEARCE *v.* J. E. KYZER.

INFANT. *Testimony of. Information concerning age.* A defendant in a suit, who relies upon the defense of infancy, is a competent witness to prove his own age, and it is no objection to his testimony that he obtained the information as to the day of his birth from his mother, who is living in the county in which the suit is tried.

FROM GIBSON.

Appeal in error from the Circuit Court of Gibson county. J. T. CARTHEL, J.

HILL & WILLIAMSON for Pearce.

CARTHEL & NEIL for Kyzer.

COOPER, J., delivered the opinion of the court.

Kyzer sued Pearce on a promissory note, and the latter pleaded in defense that he was an infant when the note was executed, and had never ratified the act after coming of age. In support of this defense, the defendant was introduced as a witness on his own behalf. He proved that he was under the age of twenty-one years when he signed and delivered the note, having been born on October 14, 1853, and the note having been given on March 25, 1874. He then introduced as evidence a paper which he said was the family record, containing the dates of the births of his brothers and sisters and himself; that this paper, consisting of two pages containing family entries, was

a part of the family Bible, the residue of the book having been destroyed during the civil war; that it had been in the family a long time, as long as he could recollect, and he always understood it to be the family record, it having been always treated as such in the family; that his mother had preserved it, and handed it to him on the morning of the trial, telling him that it was the family record.

On cross-examination the witness said he had no personal knowledge of his age, not being able to remember when he was born; that he only knew his age, and that the paper offered was the family record from what his mother told him; that his mother was still living, and residing in the county in which the case was being tried.

The trial judge sustained the objection of the plaintiff to the testimony of the witness, and to the introduction of the paper produced as the family record, upon the ground that the same were hearsay, being what the witness' mother had told him; that her evidence was the best evidence, and should have been produced, and excluded the evidence from the jury. The defendant appealed in error from the verdict and judgment rendered against him, and the Referees have reported in favor of affirming the judgment, and he excepts.

Both the circuit judge and the Referees, taking literally the language of the witness upon cross-examination, assume that the entire testimony of the witness was based exclusively on what his mother told him. But this is a very narrow view of the

Pearce v. Kyzer.

entire evidence, and does the witness great injustice. He speaks positively as to his age and the date of his birth, plainly meaning, as the context shows, that he testifies to the fact from information derived from his mother, from the family record, and, no doubt, from general repute in the family. So also, he tells us that the paper offered in evidence was the family record, being leaves from the family Bible containing entries of the dates of the births of his brothers and sisters and himself, the paper having been in the family as long as he could recollect, and he always understood it to be the family record, it having always been treated as such in the family. This is positive testimony to establish the character of the paper, the weight of which should have been left to the jury. What he means when he says, on cross-examination, that he only knew it was the family record from what his mother told him, is that he only knew from his mother that the entries were made, as they were afterward always treated by the family, as a family record of births.

The objection of the plaintiff is not to the evidence as incompetent in itself, but to the fact that it appeared from the witness' own statement that his knowledge was obtained from a living witness, and that her testimony should have been introduced as the best evidence. The circuit judge and the Referees adopt this view, and exclude the evidence because it was hearsay from a living person, who ought to be introduced upon the ground that her testimony would be the best evidence. There was clear error,

as we have just seen, in excluding the whole of the evidence upon the general exception, which at most went to a small part of the testimony of the witness.

But the circuit judge and the Referees were further in error in treating any part of the testimony of the witness as hearsay, within the rule that the best evidence should always be produced. Hearsay, in its legal sense, denotes that kind of evidence which does not derive its value solely from the credit to be given the witness himself, but rests, also, in part on the veracity and competency of some other person. Hearsay evidence, as thus described, is uniformly held incompetent to establish any specific fact, which, in its nature, is susceptible of being proved by witnesses who can speak from their own knowledge: 1 Greenl. Ev., sec. 98. But, adds Mr. Greenleaf, "it does not follow because the writing or words in question are those of a third person, not under oath, that therefore they are to be considered as hearsay. On the contrary, it happens in many cases that the very fact in controversy is, whether such things were written or spoken, and not whether they were true; and in other cases, such language or statements, whether written or spoken, may be the natural or inseparable concomitants of the principal fact in controversy. In such cases, it is obvious that the writings or words are not within the meaning of hearsay, but are original and independent facts, admissible in proof of the issue": 1 Greenl. Ev., sec. 100.

The learned author then undertakes to enumerate a number of instances in which what may, in com-

mon parlance, be termed hearsay, is original and competent evidence. Among these he includes "evidence of general reputation, reputed ownership, public rumor, general notoriety, and the like, though composed of the speech of third persons not under oath": 1 Greenl. Ev., 101. "To this head," he adds, "may be referred much of the evidence sometimes termed hearsay, which is admitted in cases of pedigree. * * And general repute in the family, proved by the testimony of a member of it, has been considered as falling within the rule." And he continues: "The term pedigree embraces not only descent and relationship, but also the facts of birth, marriage or death, and the times when these events happened. These facts, therefore, may be proved in the manner above mentioned, in all cases where they occur incidentally, and in relation to pedigree. Thus an entry by a deceased parent, or other relative, made in a Bible, family missal, or other book, or in any document or paper, stating the fact and date of the birth, marriage or death of a child, or other relative, is regarded as a declaration of such parent or relative in a matter of pedigree": 1 Greenl. Ev., 101, 104.

The decisions of this court have been in accord with these principles: *Vaughan* v. *Phebe*, M. & Y., 5; *Flowers* v. *Haralson*, 6 Yer., 494; *Ewell* v. *State*, 6. Yer., 364; *Saunders* v. *Fuller*, 4 Hum., 516; *Ford* v. *Ford*, 7 Hum., 92; *Carter* v. *Montgomery*, 2 Tenn. Ch., 216; *Swink* v. *French*, 11 Lea, 78. In *Flowers* v. *Haralson*, the court sustained proofs of pedigree by public repute, saying: "Where marriages, births

and deaths are the facts to be learned, human curiosity saves us the trouble and expense of proving the occurrences by witnesses present, or by the hearsay of those who were, or of the family connection. General reputation of such facts is not only competent, but highly creditable." In *Saunders* v. *Fuller*, the parties introduced, upon a question of pedigree, the testimony of living members of the family, the statements of deceased members of the family, and the testimony of witnesses who spoke from personal knowledge, and the case turned upon the charge of the court touching the relative weight of the testimony. And in *Swink* v. *French* we held, upon the issue as to whether a woman, then dead, was of age at a particular time, that the husband of the woman might prove the date of his wife's birth from information derived from her and from an entry in the family Bible not produced. The holding of the circuit judge and the Referees is in direct conflict with these decisions.

The defendant below was a competent witness to prove his own age, whether he derived his knowledge from his mother, from the recognized family record, or from public repute in or out of the family. It would shock the common sense of the community to hold otherwise, and there is no reason why it should be held otherwise after he has been rendered competent by statute to testify on his own behalf, and when his knowledge is obtained in precisely the same way as the public obtains it so as to constitute general repute. His testimony is not hearsay in the legal

sense, but original evidence. And no part of his evidence should have been excluded upon the ground that better evidence might be produced. Such evidence would be open to the other side, if in fact it existed.

The exceptions to the report of the Referees will be sustained, the judgment below reversed, and the cause remanded for a new trial.